## DILL v. HENRY et al.

No. 15163—Opinion Filed March 10, 1925.

**1. Specific Performance—Adequate Remedy at Law—Contract for Conveyance of Land.**

Where an action is brought for specific performance of a contract for the conveyance of land, and the evidence discloses, that there is an adequate and complete remedy at law for the breach of such contract, equity will not exercise its jurisdiction to decree specific performance, but will leave the parties to their remedy at law.

**2. Same—Decree in Equity Discretionary.**

The jurisdiction of a court of equity to decree specific performance of contracts is not a matter of right in the parties, to be demanded ex debito justitiae, but applications invoking this power of the court are addressed to its sound and reasonable discretion, and are granted or rejected according to the circumstances of each case.

**3. Same—Refusal of Decree Sustained.**

Record examined, and the allegation in the petition and the proof fail to establish a ground for a decree of specific performance.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from Superior Court, Okmulgee County; J. H. Swan, Judge.

Action by H. H. Dill against Mintie Henry et al. From the judgment plaintiff appeals. Affirmed.

James C. Davis, for plaintiff in error.

N. W. Smith, for defendants in error.

Opinion by RUTH, C. The plaintiff in error filed his action in the superior court of Okmulgee county, against Mintie Henry and Hugh Henry, Sr. After Hugh Henry. Sr., died, Hugh Henry, Jr., attained his majority and became a party defendant.

Plaintiff's petition epitomized states his cause of action as follows: Mintie Henry was the owner of certain lands, and joined by her husband, Hugh Henry, Sr., on April 19, 1917, executed a lease, whereby they leased to plaintiff a certain quarter section of land for a period of five years from July 1, 1917, at an agreed consideration of $3,-500 payable in equal semi-annual installments of $350 each. That plaintiff paid $350 at the execution of the lease and $350 on May 7, 1917. That plaintiff's purpose in securing the lease was to establish a dairy farm, and with this end in view he purchased 40 head of Holstein cows, and shipped them from Wisconsin to Henryetta, Okla., and defendant refused to deliver possession of the land and plaintiff was forced to sell the cows and thereby sustained a loss of $1,600.

Contemporaneously with the execution of the lease contract, defendants agreed in writing to convey to plaintiff two acres of land for the agreed sum of $200, upon which plaintiff proposed to erect sheds, barns, etc., for his dairy herd.

Payment for the two acres was to be made before January 1, 1918. That on May 7, 1917, plaintiff tendered defendants $200 in currency and demanded the deed for the two acres and the defendants refused to convey. Afterwards defendants conveyed 80 acres of the lands involved to Hugh Henry, Sr., and have refused plaintiff possession of the land and refused to repay the $700 advance rentals paid by plaintiff, and plaintiff prays judgment for specific performance of the lease contract and the contract of sale of two acres and for damages in the sum of $2,600.

The case was tried to the court in July, 1923, and after the time of the running of the lease had expired, such expiration date being named in the lease as of June 30, 1922.

The court made findings of fact and conclusions of law, and entered judgment denying specific performance of the lease contract, for the following reason, "the expiration period of the lease contract prior to the trial."

The court denied specific performance of the contract to convey the two acres, and rendered judgment for the plaintiff for $700 with interest, being the sum advanced by plaintiff as rentals for the first year, and the court further rendered judgment for plaintiff in the sum of $250 damages, and plaintiff perfects his appeal from that portion of the judgment denying specific

performance of the contract to convey the two acres of land.

Plaintiff alleges he was damaged in the sum of $1,600 by reason of the fact that by the refusal of defendants to deliver possession of the quarter section he was forced to sell the cows, at a loss of $1,600, and was further damaged by reason of the fact that since selling the cows, the price of milk cows has advanced $25 per head, and if he now purchased the same number of head of cows he would be forced to pay $1,000 more at the time of filing the action in 1918, than he originally paid in Wisconsin in 1917, and the sum total of his damages is stated in these two items, and the judgment of damages has not been appealed, and is not before us, and is mentioned solely for the purpose of disclosing the fact that no damage is alleged or claimed for the failure of defendants to convey the two acres of land according to the written contract. The general principle that equity will not exercise its jurisdiction when there is an adequate and complete remedy at law, applies to the remedy of specific performance. 36 Cyc. 544.

Was the breach of contract to convey the two acres such as might be adequately compensated by a judgment for damages?

The plaintiff in his brief states specifically that he "desired these two acres for the purpose of erecting thereon substantial and permanent buildings and improvements to be used in connection with the management and operation of the dairy which he proposed to establish and conduct on the leased premises," and plaintiff testified he only wanted title to these two acres of land for the purpose of erecting sheds thereon to be used in connection with the dairy farm he proposed to conduct on the leased premises, and so informed the defendants. The cause was tried in July, 1923, and the five year lease under which the plaintiff claimed expired in June, 1922, and the two acres became valueless to the plaintiff for the purposes alleged in the petition and disclosed by the evidence.

The court could not, in 1923, decree plaintiff possession of the leased premises for the years 1917 to 1922, inclusive, and the purposes of the lease having failed, the reason for the purchase of the two acres failed, and there is no showing that plaintiff might not have acquired two acres in that immediate vicinity that would have answered his purpose, and the question of the difference in price, if any, would have been one for a court or jury to determine in an appropriate action for damages.

If we may indulge a digression of a speculative nature, let us assume that after plaintiff informed the defendants he desired this two acres for the purposes only of using the same in connection with the dairy farm proposed to be established on the leased premises, defendant had breached the lease contract and denied the plaintiff possession of the quarter section, and had then brought suit against plaintiff for specific performance of the contract to purchase two acres, and had tendered a deed thereto: Would not the breach of the lease contract have been a defense to the action for specific performance requiring plaintiff to accept the deed and pay the agreed price of $200?

While not passing upon this question, as the same is not before us, the writer of this opinion has a very decided opinion as to what judgment in equity and good conscience should be entered in such a case.

It is true, as a general proposition, that if the specific piece of land contracted for is desired by the plaintiff and its location is such that it cannot be duplicated or other lands cannot be obtained answering all the purposes of the plaintiff, and if his reason for desiring it or the other circumstances of the case are such that money damages would not be an adequate compensation to him for his loss, equity will decree its conveyance to him. To this effect is the rule laid down in 36 Cyc. 557.

Not one of these elements appearing to enter this case as disclosed by the record, and not being proven or urged by plaintiff, we are constrained to hold the plaintiff could have been adequately compensated in damages, if any suffered, and the judgment of the court in denying the prayer for specific performance as to the two acres was not error.

"The jurisdiction of the court of equity to decree the specific performance of contracts is not a matter of right in the parties to be demanded ex debito justitiae, but applications invoking this power of the court are addressed to its sound and reasonable discretion, and are granted or rejected according to the circumstances of each case." 36 Cyc. 548.

The court finds no abuse of this discretion vested in the court, and for the reasons herein stated, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.